UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MADISON STOCK TRANSFER, INC.,

                        Plaintiffs,

           - against -

MARINE EXPLORATION, INC.,

                       Defendant.
------------------------------------------------------X

**ORDER ADOPTING**
**REPORT & RECOMMENDATION**
15-cv-6394 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Madison Stock Transfer, Inc. ("Madison Stock") initiated this action seeking a

declaratory judgment with respect to indemnification and assignability provisions of an agreement

between Madison Stock and Defendant Marine Exploration, Inc. ("Marine Exploration"), under

which Madison Stock provided services to Marine Exploration.  Prior to this agreement, the

putative intervenor in this action, Somerset Capital Ltd. f/k/a X-Clearing Corporation ("X-

Clearing"), provided these services to Marine Exploration.

       On December 12, 2016, Judge Tiscione issued a Report and Recommendation ("R&R")

granting X-Clearing's motion to intervene and recommending that the Court grant X-Clearing's

motion to abstain from and dismiss this case.  More specifically, Judge Tiscione found that,

because all of Madison Stock's claims "have been resolved in the [parallel Colorado State action],

dismissal of the declaratory judgment action is appropriate."  (Dkt. 24 at ECF 10.)[1]

On December 23, 2016, Plaintiff filed objections to the R&R.  For the reasons set forth below, the

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing
system and not the document's internal pagination.

Court adopts the conclusion of Judge Tiscione's R&R and orders dismissal of this case without prejudice.[2]

## STANDARD OF REVIEW

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)). However, "[t]o accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district court need only be satisfied that there is no clear error on the face of the record." *Bailey v. Wells Fargo Bank, N.A.*, 15 Civ. 3249, 2016 WL 3661279, at *1 (E.D.N.Y. July 5, 2016). Similarly, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, 08 Civ. 322, 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011) (citing *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); *Frankel v. N.Y.C.*, 06 Civ. 5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009)).

---

[2] Although Judge Tiscione did not expressly label his decision on X-Clearing's motion to intervene as a report and recommendation, there is authority within the Second Circuit holding "that a motion to intervene is dispositive, at least insofar as it is brought 'as of right' under Rule 24(a)," which it is here. *Medina v. Fischer*, 11 Civ. 0176, 2013 WL 1294621, at *1 n.1 (S.D.N.Y. Mar. 29, 2013), report and recommendation adopted, 11 Civ. 176, 2013 WL 3186932 (S.D.N.Y. June 24, 2013) (citing *Stackhouse v. McKnight*, 168 F. App'x 464, 466–67 (2d Cir. 2006) and *New York Chinese TV Programs, Inc. v. U.E. Enterprises. Inc.*, 996 F.2d 21, 25 (2d Cir. 1993)).

**DISCUSSION**

Plaintiff objects to Judge Tiscione's recommendation that the Court abstain from and dismiss this action in which Plaintiff seeks declaratory judgment construing certain provisions of a services agreement between Plaintiff and Defendant Marine Exploration Inc. ("Marine").[3] But rather than file "specific" objections that are "clearly aimed at particular findings" in the R&R, *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009), Plaintiff launches a kitchen-sink attack on the Colorado Civil Access Pilot Project ("CAPP"), of which the Colorado action was a part, arguing that it did not provide a fair adjudication of the various claims and issues that were raised in that action among Madison Stock, Marine Exploration, and X-Clearing. (Dkt. 25 ¶¶ 3, 4, 5, 6.) Because these objections are nothing more than "general or conclusory," the Court reviews them for clear error, and, for the following reasons, finds none. *O'Diah*, 2011 WL 933846, at *1.

At the outset, Plaintiff's attack on the Colorado judicial system is improper in objecting to an R&R dismissing Plaintiff's case because of a now-concluded and identical parallel litigation in Colorado State court. Indeed, Plaintiff tacitly concedes this point, acknowledging that he could appeal the Colorado decision. (Dkt. 25 ¶ 8.) Although the Court makes no determination as to the merits of such an appeal, it is obvious that Colorado is the proper forum for attacking the constitutionality of the CAPP—not this Court.

Overall, the Court finds no error in Judge Tiscione's conclusion that this Court should abstain from adjudicating and dismiss this action. As Judge Tiscione explained in the R&R, this

---

[3] The Court presumes the parties' familiarity with the underlying facts of this action. Accordingly, only the facts necessary for the decision on the objections to the R&R are discussed herein.

Circuit's law permits a district court to "dismiss declaratory judgment actions 'where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" (Dkt. 24 at ECF 6 (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 104 (2d Cir. 2012)).)  This principle applies here.  In the Colorado litigation, Plaintiff elected to assert cross-claims against Marine Exploration concerning the very contractual provisions about which Plaintiff seeks a declaratory judgment in this Court. (Dkt. 11 at ECF 6-7.)  After Madison Stock failed to appear for a bench trial on that cross-claim, the Colorado court entered judgment against Madison Stock on that claim.  (Dkt. 22-5.)  Around the same time, the Colorado court also entered summary judgment for X-Clearing on its claim against Madison Stock, finding, *inter alia*, that "Madison could not assign its indemnification rights to X-Clearing without Marine's consent, which it did not obtain."  (Dkt. 22-1 at ECF 1.)[4] The record thus shows, as Judge Tiscione found, that all of Madison Stock's claims in this action "can and have been resolved in the [parallel Colorado State action]."  (Dkt. 24 at ECF 10.)

Regarding Judge Tiscione's analysis under *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (*see* Dkt. 24 at ECF 6-11), the Court is not convinced that Madison Stock's decision to seek a declaratory judgment in this Court was an act of "forum shopping" or "sharp litigation."  The services agreement at issue, on which Madison Stock asks the Court to issue a declaratory judgment, appears to designate this Court as one of several exclusive venue options for "any litigation directly or indirectly relating to [that] agreement."  (Dkt. 11-2 at ECF 16 § 21.3.)  Had

---

[4] The Court understands that the judgments against Madison Stock in the Colorado action resulted from a series of events that Madison Stock asserts were unfair, including Madison Stock's Colorado counsel being permitted to withdraw, Madison Stock's inability to retain new counsel because of the expedited CAPP process, and Madison Stock's New York counsel being denied admission to appear *pro hac vice* in the Colorado action because of the lack of local counsel. Again, however, these are matters that Madison Stock should have raised on appeal in that action and are not remediable in this court.

Madison Stock timely and actively pursued this litigation, including by seeking a default judgment (as Judge Tiscione invited Madison Stock to do), Madison Stock might have been able to obtain a declaratory judgment in this Court to use in the Colorado litigation. *See* Restatement (Second) of Judgments § 33 cmts. b & e (1982); *accord* Wright & Miller, Federal Practice & Procedure (4th ed.) § 2771 (noting that a declaratory judgment is binding in subsequent proceedings "even when there has been a default by defendant"). But Madison Stock did not move promptly for a default judgment in this Court, and even declined to seek a default judgment after Judge Tiscione invited Madison Stock to do so. (Dkt. 24 at ECF 9; Dkt. 9 ¶ 6.) In the interim, the Colorado court entered summary judgment in favor of X-Clearing on its claim against Madison Stock, and dismissed Madison Stock's cross-claim against Marine Exploration with prejudice for failure to prosecute. (Dkt. 22-1; Dkt. 22-5.)

In these circumstances, for the reasons stated in Judge Tiscione's R&R (except as noted in this opinion), the Court agrees with Judge Tiscione's recommendation to abstain from and dismiss this action.

## CONCLUSION

For the foregoing reasons, the conclusion of Judge Tiscione's R&R is adopted, and the Court hereby abstains from and dismisses this action without prejudice.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 27, 2017
       Brooklyn, New York